IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEVEN SPRINGS APARTMENTS and LINCOLN PROPERTY COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>JASMINE FOXX *and All Other Occupants*,<br><br>     Defendant. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-94-WSD-GGB |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Jasmine Foxx's application for leave to proceed in forma pauperis ("IFP") on her notice of removal from the Magistrate Court of DeKalb County. (Doc. 1). After consideration of Defendant's application, I find that she meets the financial requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

This Court, however, does not have proper jurisdiction over the action. The underlying case is a dispossessory action containing no federal claim, and therefore any removal based on federal question jurisdiction would be improper. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be

removable if the complaint does not affirmatively allege a federal claim."); see also U.S. Bank Nat. Ass'n v. Sanders, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).  The fact that Foxx asserts that the Plaintiff committed violations of the Fair Debt Collection Practices Act does not confer federal jurisdiction over the dispossessory action itself.

In Anderson, the Supreme Court recognized two exceptions to the general removal rule discussed above: (1) when Congress creates an explicit statutory ground for removal; and (2) when federal law completely preempts the state law in question.  539 U.S. at 8, 123 S.Ct. at 2063.  The second exception has no apparent application here.

As to the first exception, Foxx asserts that 28 U.S.C. § 1334 confers jurisdiction on the court.  However, § 1334 deals with bankruptcy proceedings, and this case does not arise in bankruptcy.  Foxx also makes an assertion of status-based discrimination in housing.  Reading Foxx's pro se removal petition liberally, it is possible she intended to assert jurisdiction based on 28 U.S.C. § 1443, and not 1334.

Under § 1443, a state court case pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

equal civil rights of citizens of the United States" may be removed to federal court by the defendant.  28 U.S.C. § 1443.  To remove under § 1443, the movant must show (1) the right upon which the petitioner relies arises under federal law, and (2) that she has been denied or cannot enforce that right in the state courts. Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).

Foxx merely states that it is illegal to interfere with housing rights based on protected status, but makes no specific factual argument. Even assuming, arguendo, that Foxx could meet the first requirement found in Conley, she makes no attempt to meet the second.  Accordingly, because Foxx has not shown that she cannot enforce any right in the state action, there is no basis for removal under § 1443.

Foxx also does not allege that diversity jurisdiction exists.  Any such argument would lack merit, as "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F.Supp.2d 1378, 1382 (N.D. Ga. 2010).  Accordingly, this Court lacks jurisdiction over the case, and it should be remanded to the DeKalb County Magistrate Court.

In sum, because Foxx has sufficiently demonstrated indigency, her IFP motion is **GRANTED**.  However, because she has not demonstrated that this Court

has jurisdiction over the case, it is **RECOMMENDED** that the case be

**REMANDED** to the Magistrate Court of DeKalb County.

IT IS SO ORDERED and RECOMMENDED this 15th day of January, 2016.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)