IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEVEN SPRINGS APARTMENTS
and LINCOLN PROPERTY
COMPANY,

              Plaintiff,

v.

JASMINE FOXX, and All Others,

              Defendants.

1:16-cv-0094-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I. BACKGROUND

On December 23, 2015, Plaintiff "Seven Springs Apartments Lincoln Property Company"[1] ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Jasmine Foxx ("Defendant") in the Magistrate Court of DeKalb County, Georgia. The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs. (See Compl. [1.1 at 5]).

---

[1] It appears that Lincoln Property Company is the property management company, which brought suit on behalf of Seven Springs Apartments.

On January 12, 2016, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law. In her Notice of Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., and Rule 60 of the Federal Rules of Civil Procedure. Defendant claims further that the Court "[has] the legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6." (Notice of Removal at 1).

On January 15, 2016, Magistrate Judge Brill granted Defendant's application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court

has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Analysis

Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Defendant did not object to this recommendation and the Court finds no plain error in it.[2]

---

[2]   To the extent Defendant intends to assert that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., the Court does not find any plain error in the Magistrate Judge's conclusion that Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act.  See, e.g., Shah v. Borden, No. 1:15-cv-1658-TWT, 2015 WL 4159948, at *2 (N.D. Ga. July 8, 2015) ("Because Defendant has attempted to bring counterclaims pursuant to the Fair Housing Act, 28 U.S.C. § 1334, the Bill of Rights, and the Fourteenth Amendment, Defendant may be attempting to invoke jurisdiction pursuant to 28 U.S.C. § 1443 . . . [which] does not provide Defendant with a valid basis for removal jurisdiction."); 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).  Because removal is not proper based on 28 U.S.C. § 1443, the Magistrate Judge recommended this action be remanded

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 16th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

for this additional reason.  Defendant did not object to this recommendation and the Court finds no plain error in it.